UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LIFENG CHEN, et al,

               Plaintiffs,

      -against-

NEW TREND APPAREL, Inc., et al,

               Defendants.

HANA FINANCIAL, Inc.,

               Intervenor Plaintiff,

      -against-

NEW TREND APPAREL, Inc., et al,

               Third-Party Defendants.

MEMORANDUM DECISION
AND ORDER

11 Civ. 324 (GBD) (MHD)



GEORGE B. DANIELS, United States District Judge:

Before this Court is Magistrate Judge Michael H. Dolinger's Report and Recommendation

("Report") addressing Intervenor Plaintiff Hana Financial, Inc.'s motion for partial summary judgment

against: New Trend Apparel Inc., JCM Inc., Kisum Louie, and Byunglim Louie (the "New Trend

Defendants"); Third-Party Defendants New York Clothing Group, Inc. ("NYCG") and Nina Chang

(together, the "Chang Parties"); and Lifeng Chen and related entities (the "Chen Plaintiffs"). The

Report also addresses the Chen Plaintiffs' motion for summary judgment against the New Trend

Defendants and the Chang Parties. Magistrate Judge Dolinger recommended that Hana's motion for

summary judgment be granted with respect to its breach of contract claim, and denied as to all of

Hana's additional claims. Magistrate Judge Dolinger further recommended that the Chen Plaintiffs'

motion for summary judgment be denied. Magistrate Judge Dolinger's Report is adopted in its

entirety. Hana's motion for summary judgment is GRANTED in part and DENIED in part. The Chen

Plaintiffs' motion for summary judgment is DENIED.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations

set forth within the Report. See 28 U.S.C. § 636(b)(1)(C). When there are objections to the Report,

the Court must make a de novo determination of those portions of the Report to which objections are

made. Id.; see also Rivera v. Barnhart, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge

may also receive further evidence or recommit the matter to the magistrate judge with instructions.

See Fed. R. Civ. P. 72 (b); 28 U.S.C. § 636(b)(1)(C). The Court need not conduct a de novo hearing

on the matter. See United States v. Raddatz, 447 U.S. 667, 675-76 (1980). Rather, it is sufficient that

the Court "arrive at its own, independent conclusions" regarding those portions to which objections

were made. Nelson v. Smith, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (quoting Hernandez v.

Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may

adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v.

Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

If "the party makes only frivolous, conclusory or general objections, or simply reiterates her

original arguments, the Court reviews the report and recommendation only for clear error." Silva v.

Peninsula Hotel, 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007). Furthermore, when a party makes no

objections to a portion of a report and recommendation, "or where the objections are merely

perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same

arguments set forth in the original petition, reviewing courts should review a report and

recommendation for clear error." Id. A party's failure to file written objections to the Report and

Recommendation precludes appellate review of this Court's decision. See Thomas v. Arn, 474 U.S.

140, 155 (1985).

In his Report, Magistrate Judge Dolinger advised the parties that pursuant to 28 U.S.C. § 636(b)(1), failure to file timely objections within fourteen days after being served with a copy of the Report would result in their waiver and preclude appellate review. Report at 122. Hana filed timely objections to the Report. ECF 307. The Chang Parties, non-moving parties in the motions before this Court, also filed timely objections. ECF No. 305. The Chen Plaintiffs did not file objections to the Report. After considering the parties' objections, this Court adopts the thorough and well reasoned Report in its entirety.

## Background

This case began by the Chen Plaintiffs filing a complaint against the New Trend Defendants over a business relationship gone awry. [1] The Chen Plaintiffs alleged that they had paid $1 million for a fifty percent share in a prospective new joint venture with the New Trend Defendants, that the venture had not gone forward but that the Chen Plaintiffs never got their money back, and that they had delivered goods to the New Trend Defendants for which the Chen Plaintiffs were never paid. Compl. ¶¶ 14-21, 31, 38-40, 49-51. The Complaint alleges that the New Trend Defendants diverted almost every corporate asset from New Trend into other companies controlled by Louie, and that New Trend is no longer a viable business entity. Id. ¶ 48, 59. Around the same time that the Chen Plaintiffs brought this action, a Chinese entity related to them, Zhejiang Meibang Textile Company, brought a complaint against New Trend and Kisum Louie in a Chinese court. That complaint, although similar, only seeks redress for the claim related to unpaid goods delivered.

In May 2011, Hana Financial, another creditor with a potentially superior claim to New Trend's assets, intervened. Hana claims that New Trend defaulted on an August 2010 loan Hana extended to a New Trend affiliate that New Trend guaranteed and secured with a lien on its inventory. Lee Decl., dated June 14, 2011 ¶¶ 4-6. In late December 2011, while in discovery, Hana was granted leave to

---

[1] This Order recites only those facts necessary to adopt the Report. Magistrate Judge Dolinger's Report provides a fuller account.

amend its intervenor complaint to add the Chang Parties as third-party defendants. Hana alleges that the New Trend Defendants, and in particular Kisum Louie's wife, Byunglim Louie, conspired with Nina Chang, a former employee of New Trend, to fraudulently divert inventory from New Trend to NYCG in order to avoid Hana's lien. Upon completion of discovery Hana and the Chen Plaintiffs filed the instant motions for summary judgment. See ECF Nos. 272, 278.

## Hana's Motion for Summary Judgment[2]

### Hanas's Breach-of-Contract Claim

Magistrate Judge Dolinger correctly found that Hana is entitled to summary judgment as to its breach of contract claim. Hana asserts that New Trend, JCM Logistics, and the Louies defaulted on their contractual obligations under the Promissory Note, the New Trend Guarantee agreement, and the Louies' respective individual guarantee agreements. By stipulation, the New Trend parties have admitted this default. See Lee Decl. dated Apr. 15, 2013, Ex. G - S(b).

The Chen Plaintiffs oppose Hana's motion on the basis that: (1) the Louies did not read or understand the terms of the contract when they entered into it; (2) Byunglim Louie did not have the authority to sign the contract on the company's behalf; and (3) Kisum Louie was prohibited by the terms of his agreement with Chen from unilaterally accepting loans. The Chen Plaintiffs' arguments are unavailing.

Magistrate Judge Dolinger correctly determined that the Chen Plaintiffs' first argument lacks merit. See Report at 38. It is firmly established under New York law that a party remains bound by

---

[2] Magistrate Judge Dolinger correctly determined that the Chang Parties' untimely expert witness declaration of David Smith should be precluded. The Chang Parties did not comply with the court-ordered disclosure deadline, did not seek its modification, and have offered no explanation for their delay. See Report at 30-37. Instead, the Chang Parties submitted Smith's declaration on May 23, 2013, over three months after the close of discovery, and in the midst of summary-judgment briefing. See Report at 32. In their objections, the Chang Parties still provide no explanation for their untimely submission, but argue that non-compliance with the deadline was harmless. See Chang objections at 5. However, as Magistrate Judge Dolinger noted, "the Chang defendants' non-compliance with Rule 26(a) is obviously not harmless. Its effect has been to sandbag the other parties after the motions for summary judgment were filed, depriving them of timely access to Mr. Smith's analysis, on which the Chang defendants now rely in opposing Hana's motion." Report at 36. Accordingly, this Court declines to admit the Smith declaration as evidence for purposes of the current motions.

the terms of an agreement, irrespective of whether he or she failed to read the contract or was unaware of its terms at the time that he or she entered into it.  See Pimpinello v. Swift & Co., 253 N.Y. 159, 162-63 (1930).  Accordingly, the Chen Plaintiffs cannot avoid their contractual obligations on this basis.

As for the Chen Plaintiffs' remaining objections to the Hana factoring agreement, both arguments amount to an assertion that the Louies lacked authority to enter into the agreement. However, as Magistrate Judge Dolinger correctly found, whether Byunglim and Kisum Louie lacked actual authority is irrelevant.  See Report at 39.  At a minimum, the Louies each had the apparent authority to contractually bind New Trend, and New Trend remains bound as a result.  See Report at 39-42; see also Odell v. 704 Broadway Condo., 284 A.D.2d 52, 56 (1st Dep't 2001); Hallock v. State, 64 N.Y.2d 224, 231 (1984).  Accordingly, summary judgment is granted for Hana's breach of contract claim.

**Hana's Fraudulent Conveyance Claim**

As Magistrate Judge Dolinger correctly concluded, summary judgment is inappropriate as to Hana's claim of fraudulent conveyance.  Hana argues that the transfer of inventory from New Trend to NYCG in or about the end of 2010 was fraudulent on the basis of two theories: (1) actual-fraudulent conveyance under Debtor and Creditor law ("DCL") § 276; and (2) constructive-fraudulent conveyance under DCL § 273.  See Report at 43, 60.  As Magistrate Judge Dolinger correctly found, Hana's claims cannot be sustained under either theory.

With respect to Hana's claim of actual fraud, Hana argues that there are "badges of fraud" that support an inference of fraudulent intent.  Specifically, Hana points to Byunglim Louie's testimony that, while acting on behalf of New Trend, she specifically intended to transfer inventory to NYCG for the purpose of defrauding creditors.  See Report at 47.  However, as Magistrate Judge Dolinger correctly determined, Ms. Chang's sharply contradictory version of events surrounding the inventory

transfer raises significant credibility issues with respect to Mrs. Louie's testimony.  Since Mrs. Louie

and Ms. Chang offer vastly different versions of the nature of the transaction between New Trend and

NYCD, it is appropriate for the trier of fact to assess the credibility of their respective stories.  See

Report at 59.  The factfinder is not required to credit Mrs. Louie's disputed testimony as to the

transaction between New Trend and NYCG.  See, e.g., In re Dana Corp., 574 F.3d 129, 147 (2d Cir.

2009); see also Reeves v. Sanderson Plumbing Products, Inc., 53 U. S. 133, 150-51 (2000) (discussing

credibility of evidence in the context of Rule 50 motion, and acknowledging that the inquiry is the

same under Rule 56).

Hana objects to the Report on the basis that "[Ms.] Chang's conclusory assertions concerning

the transaction" are insufficient to create a triable issue of fact. [3]  Hana Objections at 5.  Hana's

objections are without merit.  As noted by Magistrate Judge Dolinger, "Hana has produced little

documentary evidence to corroborate Mrs. Louie's version of events, such as, for example, documents

showing the dates and number of inventory transfers to NYCG, or confirming that New Trend

canceled orders with its customers."  Report at 58.  Further, as noted in Ms. Chang's testimony, a

transfer of inventory worth approximately $3 million, such as that reported by Mrs. Louie, "would fill

approximately 30 shipping containers and numerous tracker trailers. [sic] There would be an enormous

paper trail including bills of lading, warehouse receipts, trucking receipts, packing receipts, etc."

---

[3] In its objections to the Report, Hana also argues that Sardis v. Frankel, 113 A.D.3d 135, 142 (1st Dep't 2014), which was decided while Hana's motion was pending, should alter Magistrate Judge Dolinger's recommendation.  See Hana Objections at 4.  Sardis involved a claim under DCL §§ 273-a and 278, unlike Hana's claim under § 276, and is wholly inapposite.  DCL §§ 273-a and 278 do not require fraudulent intent.  See DCL §§ 273-a ("Every conveyance made without fair consideration when the person making it is a defendant in an action for money damages or a judgment in such an action has been docketed against him is fraudulent as to the plaintiff in that action *without regard to the actual intent of the defendant* if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment) (emphasis added).  Section 276, on the other hand, requires an "actual intent" to defraud future creditors and the absence of good faith and adequate consideration is insufficient.  See Debtor and Creditor Law § 276. ).  Indeed, the Sardis court analyzed the transferee and transferor's good faith only insofar as it indicated the fairness of the consideration exchanged.  See Sardis, 113 A.D.3d 142-43.

Chang Decl. dated Feb. 10, 2012, at 32.  Thus, it is appropriate for the finder of fact to assess the plausibility of Mrs. Louie's version of events.

In addition, in determining whether the transfers between New Trend and NYCG were marked by the badges of fraud, the factfinder will need to assess the validity of the disputed invoices purporting to represent NYCG's purchases from New Trend (see Chang Decl. dated Feb. 10, 2012, Ex. F), which Mrs. Louie alleges were forged; the competing translations of the taped Korean-language conversations between Mrs. Louie and Ms. Chang; and the completeness of the original audio recordings themselves – all of which remains in dispute.  Thus, viewing the evidence in the light most favorable to the Chang Parties, as this Court must on Hana's motion, Hana has failed to demonstrate beyond triable dispute that New Trend acted with actual fraudulent intent.[4]

Hana also argues that the Chang Parties are liable under a theory of constructive fraud for failing to pay fair consideration for the New Trend inventory and acting in bad faith.  See Hana Mem. at 15.  In particular, Hana argues that the Chang Parties had knowledge of New Trend's unfavorable financial condition at the time of the transfer, that the conveyance left New Trend insolvent and unable to meet its financial obligations, and that the Chang Parties did not pay adequate consideration for the New Trend inventory.  Id. at 15-16.  On the issue of insolvency, Hana relies on the testimony of Mrs. Louie.  See id. at 15 (citing Aff. of Byunglim Louie).  However, as Magistrate Judge Dolinger correctly determined, Mrs. Louie's testimony on the issue of insolvency is entirely conclusory, and the portions of her affidavit that Hana cites do not directly address the issue of solvency.  See Report at 66.

---

[4] Hana's attempt to rely on the preliminary injunction analysis in Magistrate Judge Dolinger's April 20, 2012 Report and Recommendation ("2012 Report") is inconsistent with this Court's holding and is not law of this case.  As noted by Magistrate Judge Dolinger in the 2012 Report, Hana was no longer seeking a preliminary injunction except as an alternative remedy in the event that the Court declined to hold the Chang Parties to their stipulated resolution of that motion.  See Report at 28.  This Court adopted the 2012 Report's recommendation to enforce the stipulation and Hana's application for a preliminary injunction was rendered moot.  See ECF No. 253 at 28.  Accordingly, no findings were made by this Court with respect to the preliminary injunction.

Further, in light of the extensive credibility issues given Mrs. Louie's and Ms. Chang's differing rendition of events, such evidence is insufficient to establish New Trend's insolvency as a matter of law. [5] See, e.g., Estate of Mantle v. Rothgeb, 2007 WL 4510326, *4 (S.D.N.Y. Dec. 21, 2007). In the absence of an adequate showing of insolvency, Hana cannot prevail on summary judgment on its constructively-fraudulent conveyance claim. See, e.g., Zanani v. Meisels, 78 A.D.3d 823, 825 (2d Dep't 2010). Accordingly, summary judgment is denied as to Hana's fraudulent conveyance claim. [6]

## Hana's Conversion and Replevin Claims

Hana also asserts that the Chang parties' acquisition of the New Trend inventory amounted to conversion and replevin. [7] As Magistrate Judge Dolinger noted, there is no material dispute that: (1) Hana held a perfected, first priority security interest in New Trend's inventory; (2) upon the New

---

[5] Hana again objects to the Report on the basis that "[Ms.] Chang's conclusory statements" are insufficient to create a triable issue of fact. Hana Objections at 11. As noted supra, Hana's objections to Ms. Chang's testimony are without merit. Thus, viewing the evidence in the light most favorable to the Chang Parties, there are material questions of fact as to New Trend's insolvency. See Report at 66.

[6] Magistrate Judge Dolinger correctly determined pursuant to Rule 56(g) that fair consideration was lacking as a matter of law due to the inadequacy of the consideration exchanged. See Report at 74. As Magistrate Judge Dolinger noted, NYCG did not make any payments for the inventory until March 31, 2011, after the payment deadline of February 27, 2011, had passed. Further, one full year after all of the purchased New Trend inventory had been transferred to NYCG, NYCG had only paid, at most, $138,279.60, and it still owed New Trend about $455,534.00 Id. Therefore, even if the factfinder were to determine that the Chang Parties had acted in good faith, fair consideration would still be lacking due to the fact that they did not pay a fair equivalent value for the inventory. Although the Cheng defendants object to this portion of the Report, they do not point to any piece of evidence in the record that raises a triable issue of fact with respect to whether fair consideration was paid. See Cheng Objections at 3-4.

In addition, Magistrate Judge Dolinger correctly found pursuant to Rule 56(g) that the Chang Parties are not entitled to an innocent-purchaser-for-value defense. In the first instance, the Chang Parties did not assert this defense in their answer. Their failure to do so is a sufficient basis for deeming this affirmative defense waived. See Report at 78, citing U.S. For & On Behalf of Mar. Admin. v. Cont'l Ill. Nat. Bank &Trust Co. of Chicago, 889 F.2d 1248, 1254 (2d Cir. 1989). In their objections, the Chang Parties argue that they implicitly raised this defense. See Chang objections at 1-3. However, as noted supra, even if the affirmative defense had not been waived, the Chang Parties failed to carry their affirmative burden of proof to demonstrate a triable dispute as to whether they paid fair consideration. See Report at 78.

[7] Magistrate Judge Dolinger correctly found that the Chang Parties' failure to assert a buyer in ordinary course defense constitutes a waiver of that defense. See Report at 84. Further, the Chang Parties have failed to raise a triable issue as to whether they qualify as buyers in the ordinary course. Id. at 84-86. The Chang Parties do not raise any objection to this portion of the Report.

Trend Defendants' default on February 5, 2010, Hana acquired an immediate right to the collateral, superior to the rights of the other parties (see Lee Decl. dated Apr. 15, 2013, Exs. B & E); and (3) the Chang Parties' possession of the collateral, for which they paid New Trend only a small portion of its contractually stipulated value, has interfered with Hana's ability to exercise its rights in the collateral. See Report at 86.  Thus, the only remaining question on Hana's conversion and replevin claims is whether the absence of evidence of a demand by Hana for surrender of the property precludes summary judgment.

Magistrate Judge Dolinger correctly found that Hana never directly addresses this issue and there are still triable issues of fact pertaining to whether a demand was required or not.  As noted supra, the nature of the transactions between New Trend and NYCG remains a matter of factual dispute, due to the conflicting renditions of events offered by Mrs. Louie and Ms. Chang.[8]  By extension, there are material questions of fact as to whether the Chang Parties' acquisition of the New Trend inventory was initially "lawful," and, if so, whether Hana is nonetheless excused from demonstrating demand-and-refusal as an element of its conversion and replevin claims.  See Report at 90-93.  Summary judgment is accordingly denied on Hana's conversion and replevin claims.

**Hana's Claim for Declaratory Relief and Partial Judgment**

In its first claim, Hana seeks a declaration "( 1) finding that no party has a superior interest to Hana in the Collateral; (2) finding that Hana is entitled to immediate possession of the Collateral held by New Trend and the Chang Parties; (3) ordering the New Trend Parties and Chang Parties to turn [ ] over the Collateral to Hana; and (4) permitting immediate possession of the cash collateral account as well as monies held in escrow from the sale of Inventory."  Hana Mem. at 3-4; citing 1st Am. Intervenor Compl.

---

[8] Hana objects to the Report on the basis that Ms. Chang's testimony is conclusory and cannot support the denial of summary judgment on Hana's conversion and replevin claims.  See Hana objections at 13-14.  As noted supra, the trier of fact is entitled to evaluate the credibility of Mrs. Louie and Ms. Chang's conflicting version of events.

Magistrate Judge Dolinger correctly determined pursuant to Rule 56(g) that Hana has established that there is no triable dispute that Hana holds a secured, first-priority interest in New Trend's collateral, superior to that of all other parties in this case. See Report at 94-96. However, Hana has failed to establish that it is entitled to summary judgment with respect to the other issues of declaratory relief and partial judgment. As noted by Magistrate Judge Dolinger, if Hana demonstrates the amount that is currently owed by the New Trend Defendants on the JMC loan and guarantees, it will be entitled to access the escrowed funds representing proceeds from the sale of the New Trend inventory to the extent necessary to satisfy the debt. If that sum is insufficient to fully compensate Hana, it may have a claim on inventory and/or cash possessed by the Chang Parties. However, the final disposition of Hana's claims for fraudulent conveyance, conversion, and replevin as against the Chang Parties must await resolution by a finder of fact. Accordingly, summary judgment is denied as to Hana's first claim.

### The Chen Plaintiffs' Motion for Summary Judgment

The Chen Plaintiffs have moved for summary judgment against the New Trend Defendants on their claims for breach of contract, unjust enrichment, and fraudulent conveyance. See Chen Mem. at 3-7. They have also moved for summary judgment against the Chang Parties on their unjust-enrichment, fraudulent-conveyance, and conversion claims. See id. In addition, they seek to recover attorneys' fees on their fraudulent-conveyance claim. Magistrate Judge Dolinger correctly determined that the Chen Plaintiffs' motion for summary judgment should be denied.

The Chen Plaintiffs assert that the New Trend Defendants breached their contract in three ways: (1) they failed to pay amounts owed for merchandise shipped by the Chen Plaintiffs; (2) they failed to register two trademarks; and (3) Kisum Louie failed to invest $1 million dollars in New Trend.

10

As Magistrate Judge Dolinger correctly found, there are material factual disputes and evidence presented by the parties concerning the purportedly unpaid amounts, and summary judgment on this aspect of the Chen Plaintiffs' breach of contract claim should be denied. See Report at 108. With respect to the Chen Plaintiffs' trademark claim, Magistrate Judge Dolinger correctly determined that the contract provision allegedly requiring registration of the trademarks is ambiguous, and it is appropriate for the trier of fact to resolve such ambiguity. Further, the Chen Plaintiffs have failed to establish any injury arising from New Trend's failure to register the marks at issue. Id. at 110. Finally, with respect to the Chen Plaintiffs' investment claim, there are material questions of fact as to whether Kisum Louie ever made an oral representation that he would invest $1 million in New Trend, and further, whether such testimony would be barred by the parole-evidence rule. See Report at 113. Accordingly, summary judgment is denied as to the Chen Plaintiffs' breach of contract claim.

Magistrate Judge Dolinger also correctly found that the Chen Plaintiffs' unjust-enrichment claims against the New Trend and Chang parties do not warrant summary judgment. It is axiomatic that a claim for unjust enrichment – a quasi-contract claim—applies only in the absence of a valid contract. See Beth Isr. Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc., 448 F.3d 573, 587 (2d Cir. 2006). As discussed supra, there are triable issues of fact concerning the scope and nature of the Chen-New Trend agreement, and accordingly summary judgment is not warranted on the Chen Plaintiffs' unjust-enrichment claims against the New Trend parties. Furthermore, Magistrate Judge Dolinger correctly concluded that the Chen Plaintiffs have failed to establish as a matter of law that they held any interest in the New Trend inventory that was conveyed to NYCG. See Report at 118. Accordingly, summary judgment on the Chen Plaintiffs' unjust-enrichment claim against the Chang Parties is denied.

Like Hana, the Chen Plaintiffs seek summary judgment on their claim of fraudulent conveyance. Magistrate Judge Dolinger correctly determined that it remains a material issue of

11

disputed fact whether the Chen Plaintiffs were owed monies by New Trend and, thus, whether they qualified as creditors of the company.  See Report at 119.  Accordingly, summary judgment is denied on the Chen Plaintiffs' fraudulent-conveyance claims.  Furthermore, summary judgment is unwarranted for the Chen Plaintiffs' conversion claim against the Chang Parties for substantially similar reasons.  Id at 120.  As noted, the Chen Plaintiffs have not established beyond triable dispute that they qualified as creditors to New Trend and had any right to its inventory.  Thus, summary judgment is denied as to the Chen Plaintiffs' conversion claim.

### Conclusion

This Court adopts Magistrate Judge Dolinger's Report in its entirety.  Hana's motion for summary judgment as to its breach of contract claim is GRANTED.   Hana's motion for summary judgment on all other claims is DENIED.  The Chen Plaintiffs' motion for summary judgment is DENIED.  The Clerk of Court is directed to close the motions at ECF Nos. 272, 278.

Dated: March 27, 2014
       New York, New York

SO ORDERED

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge