UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LIFENG CHEN et al.,

                         Plaintiffs,

-against-

NEW TREND APPAREL, INC. et al.,

                         Defendants.

---

HANA FINANCIAL, INC.,

                         Intervenor Plaintiff,

-against-

NEW TREND APPAREL, INC. et al.,

                         Third-Party Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUL 09 2015

<u>MEMORANDUM DECISION
AND ORDER</u>

11 Civ. 324 (GBD) (MHD)

GEORGE B. DANIELS, United States District Judge:

    Before this Court is Magistrate Judge Michael H. Dolinger's Report and Recommendation ("Report") regarding the proposed consent judgment sent to this Court on March 3, 2015, between plaintiff Lifeng Chen and his related companies (collectively "the Chen plaintiffs") and defendants New Trend Apparel, Inc., the New Trend-related companies, and the principals of New Trend Apparel—Kisum Louie and Byunglim Louie (collectively, "the New Trend defendants"). (ECF No. 346). The intervenor plaintiff in this case, Hana Financial, Inc. ("Hana"), submitted a letter opposing the consent judgment and urging this Court not to so-order the consent judgment between the Chen plaintiffs and the New Trend defendants. Hana argues, among other things, that the assignment

provision in the consent judgment is barred by this Court's prior ruling that Hana has a first-priority claim on New Trend's assets.

This dispute was referred to Magistrate Judge Dolinger for a report and recommendation. In the Report, Magistrate Judge Dolinger recommends that this Court not approve the proposed consent judgment because the consent judgment does not explicitly acknowledge Hana's priority interest. Report at 12. This Court adopts the well-reasoned Report in its entirety.

The Court may accept, reject, or modify, in whole or in part, the findings and recommendations set forth within the Report. See 28 U.S.C. § 636(b)(1)(C). When parties object to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id. The Court need not conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 675 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusion" regarding those portions to which objections are made. Nelson v. Smith, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (internal quotation marks omitted).

Magistrate Judge Dolinger advised the parties that, pursuant to Federal Rule of Civil Procedure 72(b), failure to file timely objections within fourteen days after being served with a copy of the Report may constitute a waiver of those objections and preclude appellate review. See Report at 13. No party filed objections to the Report.

Magistrate Judge Dolinger correctly recommends that this Court not approve the proposed consent judgment between the Chen plaintiffs and the New Trend defendants.[1] In the assignment

---

[1] This Order does not contain a recitation of the facts and the parties' arguments concerning the consent judgment. Magistrate Judge Dolinger's Report provides a fuller and detailed account of those facts and arguments.

2

provision, which is a term of the consent judgment, the New Trend defendants assign to the Chen plaintiffs any rights they may have to pursue a claim against the two remaining defendants, New York Clothing Group, Inc. ("NYCG") and Nina Chang, for unpaid delivered goods. Report at 2. The Chen plaintiffs argue that the claims assigned to them will not be subject to Hana's priority interest. Id. at 10. However, any court-approved settlement agreement between the parties must comply with this Court's prior ruling in this case. This Court held that Hana has a "first-priority interest in New Trend's collateral, superior to that of all other parties in this case." Chen v. New Trend Apparel, Inc., 8 F. Supp. 3d 406, 421 (S.D.N.Y. 2014) (ECF No. 39). Although this Court recognizes the strong policy considerations and judicial efficiency reasons for enforcing a settlement between the parties, this Court will not approve a settlement agreement that is incongruous with this Court's prior ruling and prejudices Hana as the intervenor plaintiff.

Magistrate Judge Dolinger has noted that appropriate protection of Hana's priority interest can be achieved with some revision of the proposed consent judgment. Report at 12 n.7. Therefore, this case is recommitted to Magistrate Judge Dolinger for settlement.

## CONCLUSION

This case is referred to Magistrate Judge Dolinger for the purpose of settlement.

Dated: July 9, 2015
New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge